**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| ANDREW BURNETT, | : | |
| Plaintiff | : | |
| | : | NO. 3:08-CV-4 (CDL) |
| VS. | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| Chief of Police JOSEPH H. LUMPKIN, *et al.*, | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| | : | |
| Defendants | : | **ORDER & RECOMMENDATION** |

*Pro se* plaintiff **ANDREW BURNETT** was previously directed to supplement his complaint, including to provide the names of his Doe defendants. Plaintiff has now complied with the Court's order.

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

The Court has undertaken a review of the complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2). That statute authorizes the Court to dismiss an *in forma pauperis* complaint if it determines that the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' ... without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." ***Id.*** at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. *General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff Burnett alleges that in the early morning hours on June 11, 2005, defendant Athens-Clarke County Police Officers Laura Guest, Scott Simpson, and Christopher Wright arrested plaintiff and charged him with racing and driving under the influence. He complains that the arrest was made without probable cause as there was no evidence that plaintiff violated the law. Plaintiff generally alleges that defendants Chief of Police Joseph H. Lumpkin and the Unified Government of Athens-Clarke County had a policy authorizing "officers to make arrests without probable cause." Plaintiff further alleges that Lumpkin and Athens-Clarke County hired "incompetent employees" and failed to properly train or supervise them.

Plaintiff also complains that later that same day, defendant Amy Elizabeth Green, apparently an Athens-Clarke County Sheriff's Department employee, "set" bail that was "four times the maximum fine for a misdemeanor." According to plaintiff, defendants Gene J. Mays and Chief B. Hart ignored plaintiff's complaints about the excessive bail and refused to take plaintiff "before the Saturday morning judge to have bail set and reduced." Plaintiff was released from jail at approximately 1:00 p.m. on June 11, 2005. On January 11, 2006, a jury found plaintiff not guilty of both charges.

Plaintiff seeks damages against the following defendants: (1) Unified Government of Athens-Clarke County; (2) Chief of Police Joseph H. Lumpkin, Sr.; (3) Athens-Clarke County Police Department; (4) Sheriff Ira Edwards; (5) Athens-Clarke County Sheriff's Department; (6) Laura Guest; (7) Scott Simpson; (8) Christopher Wright; (9) Amy Elizabeth Green; (10) Gene J. Mays; and (11) Chief B. Hart. Plaintiff alleges false arrest, false imprisonment, due process, malicious prosecution, excessive bail, as well as several state law claims.

## III. DISCUSSION

### A. *Jurisdiction*

As part of the initial review process, the Court determines whether a proper jurisdictional basis exists for each case. Because federal courts have only limited jurisdiction, the Court can only proceed with the requisite jurisdiction. *Save the Bay, Inc. v.United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). It is generally a plaintiff's burden to allege, with particularity, facts necessary to establish jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's original jurisdiction can be based either on a federal question being raised or diversity of citizenship. Federal question jurisdiction exists in "civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Whether a particular cause of action involves a federal question is determined by the face of a well-pleaded complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Federal question jurisdiction only exists if a federal question is affirmatively and distinctly presented on the face of a plaintiff's complaint. *Id.*

The requirements for diversity of citizenship jurisdiction are set forth in 28 U.S.C. § 1332, which states that federal district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). In addition, "complete diversity" must exist between all parties for the court to retain jurisdiction; this means that every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

In his civil cover sheet, plaintiff alleges jurisdiction of this Court under 28 U.S.C. § 1332. Plaintiff and all defendants, except one, reside in Georgia. Because plaintiff is not diverse from all defendants, this Court does not have diversity jurisdiction. Therefore, the sole basis for this Court's jurisdiction is federal question jurisdiction.

### B. Federal Claims

#### 1. *Excessive Bail*

Plaintiff's excessive bail claim is barred by the statute of limitations. The length of the statute of limitations for filing a section 1983 claim is controlled by state law. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under section 1983, federal law determines the date the claim accrues which is when the statute of limitations period begins to run. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Under section 1983, a claim accrues when the plaintiff knows or has reason to know that he was injured, and he is or should be aware who injured him. *Id*. at 562; *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir.1987).

Plaintiff's bail was set at $4000 on June 11, 2005. Plaintiff did not file the instant lawsuit until January 9, 2008, more than two years after he knew of the amount of the bail. Because plaintiff failed to file his complaint within two years after June 11, 2005, his excessive bail claim is barred on its face by the statute of limitations. Accordingly, it is **RECOMMENDED** that said claim be **DISMISSED**. The undersigned further **RECOMMENDS** that defendants Amy Elizabeth Green, Gene J. Mays, and Chief B. Hart be **DISMISSED** from this action because the only claims against them concern plaintiff's excessive bail contention; .there are no other claims against them.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the Honorable Clay D. Land WITHIN TEN (10) DAYS after being served a copy of this order.

## 2. False Arrest/False Imprisonment

According to exhibits plaintiff Burnett attached to his supplement, he received bail on June 11, 2005, and was arraigned on July 6, 2005. A claim seeking damages for false arrest/false imprisonment accrues when the victim becomes held pursuant to legal process or, if earlier, when the victim is released. *Wallace v. Kato*, 127 S. Ct. 1091, 1095-96 (2007); *Mondragon v. Thompson*, 519 F.3d 1078, 1082-83 (10th Cir. 2008). Plaintiff received legal process at the earliest on June 11, 2005, and at the latest on July 6, 2005. By the time plaintiff filed his complaint in this Court on January 9, 2008, more than two years had expired since July 6, 2005. Plaintiff's false arrest/false imprisonment claims, therefore, are likewise barred by the statute of limitations. Accordingly, it is **RECOMMENDED** that said claims be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the Honorable Clay D. Land WITHIN TEN (10) DAYS after being served a copy of this order.

## 3. Due Process

Plaintiff asserts for the first time in his *amended* complaint that defendants Guest, Simpson, and Wright "appropriated" plaintiff's car at the time of plaintiff's arrest, in violation of O.C.G.A. § 16-8-2 (theft by taking). Plaintiff's claim under O.C.G.A. § 16-8-2 is improper for two reasons. O.C.G.A. § 16-8-2 is a criminal statute and does not authorize a civil suit for damages. Moreover, neither negligent nor intentional deprivations of property by a state employee constitute due process violations if a meaningful post-deprivation remedy is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Georgia tort law offers a remedy for the unlawful deprivation of property by a police officer. See O.C.G.A. § 51-10-1; *Byrd v. Stewart*, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Such a cause of action still remains available to plaintiff.[1] Because plaintiff has adequate post-deprivation remedies available, he has failed to allege a violation of his Fourteenth Amendment rights. Accordingly, the undersigned **RECOMMENDS** that plaintiff's due process claim be **DISMISSED**.

---

[1] O.C.G.A. § 9-3-32 provides: "Actions for the recovery of personal property, or for damages for the conversion or destruction of same, shall be brought within four years after the right of action accrued."

5

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the Honorable Clay D. Land WITHIN TEN (10) DAYS after being served a copy of this order.

### *4. Malicious Prosecution*

Plaintiff alleges that defendants Guest, Simpson, and Wright subjected plaintiff to malicious prosecution. The statute of limitations for this claim began to run on January 11, 2006, when the prosecution against plaintiff terminated in his favor, so it is timely filed. *See Burgest v. McAfee*, 2008 WL 344485 (11th Cir. Feb. 8, 2008).

"[A]lthough both state law and federal law help inform the elements of the common law tort of malicious prosecution, a Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law." *Wood v. Kesler*, 323 F.3d 872, 881, 882 (11th Cir. 2003). To prevail on a claim of malicious prosecution plaintiff must show: "(1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which is terminated favorably to the plaintiff; and which (6) has caused damage to the plaintiff." *Kelly v. Serna*, 87 F.3d 1235, 1240-41 (11th Cir. 1996); *Wal-Mart Stores, Inc. v. Blackford*, 264 Ga. 612, 449 S.E.2d 293 (1994); *see Whiting v. Traylor*, 85 F.3d 581 (11th Cir. 1996).

Although it is unclear that plaintiff has adequately alleged the elements of a malicious prosecution claim, construing the complaint liberally in favor of plaintiff, the undersigned concludes that plaintiff has pleaded sufficient facts to withstand the frivolity review. Accordingly, plaintiff's malicious prosecution claim against defendants Guess, Simpson, and Wright will be allowed to proceed.

*C. Remaining Defendants*

*1. Athens-Clarke County Police and Sheriff Departments*

The Athens-Clarke County Police and Sheriff Departments are not legal entities and therefore cannot be sued as such under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Accordingly, it is **RECOMMENDED** that the Athens-Clarke County Police and Sheriff Departments be **DISMISSED** as defendants herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the Honorable Clay D. Land WITHIN TEN (10) DAYS after being served a copy of this order.

*2. Unified Government of Athens-Clarke County, Sheriff Ira Edwards, and Chief of Police Joseph H. Lumpkin*

Plaintiff alleges that the Unified Government of Athens-Clarke County, Sheriff Ira Edwards, and Chief of Police Joseph H. Lumpkin are liable to him because they: (1) failed to adequately train or supervise Guest, Simpson, and Wright; (2) negligently hired Guest, Simpson, and Wright as officers; and (3) established a policy of allowing its police officers to make arrests without probable cause. Although it is by no means certain that plaintiff will prevail on these claims, the Court will allow these claims to go forward against the Unified Government of Athens-Clarke County, Sheriff Ira Edwards, and Chief of Police Joseph H. Lumpkin.

*D. State Law Claims*

Plaintiff also asserts various state law claims against the remaining parties to this case. Plaintiff shall be allowed to pursue these state law claims.

*IV. SERVICE*

In light of the above, the Clerk's Office is hereby **ORDERED AND DIRECTED** to cause service to be made as provided by law upon defendants **LAURA GUEST**, **SCOTT SIMPSON**, **CHRISTOPHER WRIGHT**, **UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY**, **SHERIFF IRA EDWARDS**, and **CHIEF OF POLICE JOSEPH H. LUMPKIN**, and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

### ☞ DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

## <u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **<u>SEPARATE MOTION</u>** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

# ELECTION TO PROCEED BEFORE THE
# UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 27th day of MAY, 2008.



　　　　　　　　　　　　　　　　　　　CLAUDE W. HICKS, JR.
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

# ADDENDUM

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.